IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BANCROFT MORSE, *et al.* | No. C 10-00628 SI |
| Plaintiffs, | No. C 09-05152 SI |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| SERVICEMASTER GLOBAL HOLDINGS INC., *et al.*, | |
| Defendants. / | |

Plaintiffs have filed a motion for leave to file a motion for reconsideration of the Court's July 27, 2011 Orders granting defendants' motions to compel arbitration in *Morse v. Servicemaster*, Case No. 10-628, and *Nakano v. Servicemaster*, Case No. 09-5152.

In the Northern District of California, no motion for reconsideration may be brought without leave of court. See Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

The moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

See Civil L.R. 7-9(b).

Even assuming that the fact that certain plaintiffs represented by plaintiffs' counsel here had

requested individual arbitrations in July 2011 constituted a "difference in fact" as contemplated by Local Rule 7-9(b)(1), such a difference in fact would not be material to the Court's determinations in its July 27, 2011 Orders.

Nor did the Court manifestly fail to consider material facts or dispositive legal arguments. In *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S. Ct. 1758 (2010), the Supreme Court held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding *that the party agreed to do so*." *Id.* at 1775 (emphasis added). Before the Supreme Court's decision in *AT&T v. Concepcion*, 131 S. Ct. 1740 (2011), there was a public policy exception to that rule in California. Therefore, pre-*Concepcion*, even if a party had not agreed to class arbitration, in California it might have been required to arbitrate on a classwide basis, should it request arbitration. After *Concepcion*, a party which did not agree to class arbitration can be confident, even in California, that it will not be required to arbitrate on a classwide basis. It is for that reason that the Court found that defendant had not waived its right to arbitrate by failing to demand arbitration prior to *Conception.*

Plaintiff contends that the Court manifestly failed to consider a dispositive legal argument by failing to consider plaintiff's argument the arbitration clauses do not contain an express waiver of class arbitration. The Court did not fail to consider this argument. Rather, the Court concluded that this argument was insufficient to demonstrate waiver of the right to arbitrate.

Accordingly, the Court DENIES plaintiffs' motion. (Doc. 142.)

**IT IS SO ORDERED.**

Dated: August 9, 2011

SUSAN ILLSTON
United States District Judge

2